# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Christopher Rawlings**, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) CASE NO. 2:20-cv-2289 ) ) JUDGE |
| v. | ) ) MAGISTRATE JUDGE |
| **BMW Financial Services NA, LLC,** c/o CT Corporation System 4400 Easton Commons Way Suite 125 Columbus, Ohio 43219 | ) ) **PLAINTIFF'S COLLECTIVE AND** ) **CLASS ACTION COMPLAINT** ) ) **JURY DEMAND ENDORSED** ) **HEREON** |
| Defendant. | ) |

Now comes Named Plaintiff Christopher Rawlings ("Rawlings," "Named Plaintiff," or "Plaintiff"), by and through counsel, and for his Complaint against Defendant BMW Financial Services NA, LLC ("BMW" or "Defendant"), states and alleges the following:

1. This is a "collective action" instituted by Named Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. This action also seeks relief pursuant to the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.01, 4111.03, 4111.08, and 4111.10 ("the Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); the claims pursuant to the Ohio Acts are brought as a class action pursuant to Rule 23.

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court's jurisdiction in this matter is also predicated upon 28

U.S.C. § 1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and maintains its primary office within this District and Division.

4. At all times relevant herein, Plaintiff was a citizen of the United States and resident of Franklin County, Ohio. Plaintiff's Consent to Join Form is attached as **Exhibit A**.

5. At all times relevant herein, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. § 203(e), the Ohio Wage Act, and Ohio Constitution Art. 2 §34a.

6. At all times relevant herein, Defendant was a foreign for-profit corporation, organized and existing under the laws of the State of Delaware, but doing and conducting business throughout various states in the United States, including Ohio within this District and Division, and Defendant maintains an office within this District and Division.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d), the Ohio Wage Act, the OPPA, and Ohio Constitution Art. 2 §34a.

8. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

11. Defendant BMW is in the business of selling/leasing BMW automobiles, providing maintenance and other automobile services, and, among other miscellaneous services associated with the automobile industry, providing financial services to its customers, which includes providing finance agreements for individuals who purchase BMW automobiles.

12. Defendant BMW, via its collection department(s) and its customer service department at one or more of its facilities, provides recovery, collection, and various customer services with respect to individuals and others who have purchased BMW automobiles, entered into finance agreements therewith, but have are either late or behind on fulfilling its financial obligations under the finance agreements, and other miscellaneous customer service tasks.

13. Upon information, belief, and publicly-available information from its website, Defendant operates its primary call center in Ohio located at 5550 Britton Pkwy, Hilliard, Ohio 43026. Upon information and belief, BMW also operates other call centers throughout the United States that also engage in recovery and collection services similar to those performed by Plaintiff.

14. At all times material to this Complaint, Named Plaintiff worked as a recovery specialist for Defendant in its Hilliard, Ohio call center.

15. Other similarly situated employees were employed by Defendant as recovery specialists, support associates, re-possession agents, customer service representatives, and/or other call center positions in the collections and customer service departments (hereinafter "call center associates") at Defendant's call centers in Ohio and elsewhere throughout the United States.

16. Plaintiff and other similarly situated employees were non-exempt employees.

17. Plaintiff and other similarly situated employees routinely worked forty (40) or more hours per workweek.

18. Plaintiff and other similarly situated employees were paid on an hourly basis.

19. As a call center associate, Plaintiff's job duties in the recovery department included making phone calls to individuals/customers who purchased an automobile from BMW, entering into payment plans, and generally inquiring about and/or collecting payments to fulfill the obligations contained in the finance agreements, among other miscellaneous topics of inquiry.

**(Failure to Pay for Time Spent Starting and Logging Into
Computer Systems, Time Tracking System, and Virtual Network)**

20. Defendant required Plaintiff and other similarly-situated employees to perform unpaid work that was integral and indispensable to their duties before its internal system considered Plaintiff and other similarly situated employees as "clocked in" to start their compensable hours, including, but not limited to, starting, booting up, and logging into Defendant's computer systems, time tracking system, numerous virtual software applications/programs through "Citrix" – its virtual software provider, ensuring the computers are functioning properly and/or resolving issues with computers that are not functioning properly.

21. By common policy and practice, Plaintiff and other similarly-situated employees were required to have their computers booted up and have several applications running, including Defendant's time tracking system and virtual network (described above), *before* the start of their shifts so that they could take their first call promptly upon commencing work at their scheduled shift start times.

22. Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly-situated employees as "hours worked." Instead, Defendant began the "hours worked" at the start of their scheduled start times rather than for all of the time spent working on behalf of Defendant.

23. Plaintiff and other similarly-situated employees performed this unpaid work every

4

workday, and it constituted part of their fixed and regular working time.

24. Plaintiff estimates that he and others spent approximately 10-20 minutes booting up, starting and logging into Defendant's computer systems, time tracking system, and numerous software applications through "Citrix."

25. This unpaid work performed by Plaintiff and other similarly-situated employees was practically ascertainable to Defendant.

26. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly-situated employees. Defendant could have been precisely recorded all time worked for payroll purposes simply by allowing Plaintiff and other similarly-situated employees to clock in each day upon arrival at Defendant's call center(s) and before they began booting up Defendant's computer systems, time tracking systems, applications, and virtual network systems as described above.

27. This unpaid work performed by Plaintiff and other similarly-situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

28. Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiff and other similarly-situated employees. They cannot perform their work without first booting up Defendant's computer systems, time tracking systems, applications, virtual network, and resolving any problems with such systems when necessary each day.

29. This issue was well-known by Defendant. However, instead of compensating Plaintiff and those similarly situated as soon as they entered the premises, it instructed them to continue utilizing the prolonged boot up process each day, which automatically reverted their "start

time" to the scheduled shift start time rather than for all hours on the clock working as described above.

30. Defendant knowingly and willfully failed to pay Plaintiff and other similarly-situated employees for time spent starting and logging into Defendant's computer systems, time tracking system, and numerous software applications during which they performed work that managers and/or other agents and/or representatives observed.

### (Failure to Pay Overtime Compensation)

31. As a result of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

32. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

### (Failure to Keep Accurate Records)

33. Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiff and other similarly-situated employees before clocking in each day.

34. The amount of time Plaintiff and other similarly-situated employees spent on their required and unpaid work before clocking in ranged from approximately 10 – 20 minutes as detailed above.

### COLLECTIVE ACTION AND CLASS ALLEGATIONS

35. Plaintiff brings Count One of the action on their own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

36. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right

to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as follows:

> All former and current call center associates employed by Defendant beginning three years prior to the date this Complaint was filed and continuing through the date of judgment. (the "§216(b) Class").

37.   Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief avers that it consists of more than five hundred individuals.

38.   This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former call center employees are similarly situated with regard to their wages and claims for unpaid wages and damages.  Plaintiff is a representative of those other employees and are acting on behalf of their interests, as well as his own, in bringing this action.

39.   These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records.  These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

40.   Plaintiff brings his Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following class:

> All former and current call center associates employed by Defendant beginning two years prior to the date this Complaint was filed and continuing through the date of judgment. (the "Rule 23 Class" or the "Rule 23 Class Members").

41.   The Rule 23 Class includes all call center associates employed by Defendant who worked in the State of Ohio during the relevant time period above.

42. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

43. Plaintiff is a member of the Rule 23 Class and his claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

44. Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

45. Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Rule 23 Class that he has undertaken to represent.

46. Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

47. Questions of law and fact are common to the Rule 23 Class.

48. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

49. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Rule 23 Class as a whole.

50. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

51. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Rule 23 Class

for hours worked in excess of forty hours per week; (b) whether Defendant kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Plaintiff and other members of the Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; (e) whether the unpaid and/or withheld compensation remained unpaid in violation of the OPPA; and (f) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

52. A class action is superior to individual actions for the fair and efficient adjudication of Plaintiff's claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
## 29 U.S.C. § 207 – FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME

53. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed before they were on-the-clock after performing the integral and indispensable startup each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

55. Defendant's practice and policy of not paying Plaintiff and other similarly-situated

9

employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

56. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 CFR 516.2(a)(7).

57. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

58. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
## O.R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

59. All of the preceding paragraphs are realleged as if fully rewritten herein.

60. This claim is brought under Ohio law.

61. Plaintiff and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio law.

62. Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

63. While employed by Defendant, Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid overtime wages for this time spent working as outlined above.

10

64. As a result of Defendant's company-wide corporate policies, it failed to pay Plaintiff and the Rule 23 Class Members all overtime wages earned resulting in unpaid overtime.

65. Plaintiff and the Rule 23 Class were not exempt from the wage protections of Ohio law.

66. Defendant's repeated, knowing failure to pay overtime wages to the Plaintiff and the Rule 23 Class Members were violations of O.R.C. §4111.03, and as such, Defendant willfully withheld and failed to pay the overtime compensation to which Plaintiff and the Rule 23 Class Members are entitled.

67. For Defendant's violations of O.R.C. §4111.03, Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the Rule 23 Class Members.

## COUNT THREE
## R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

68. All of the preceding paragraphs are realleged as if fully rewritten herein.

69. Plaintiff and the Rule 23 Class Members have been employed by Defendant.

70. During relevant times, Defendant was an entity covered by the OPPA and Plaintiff and the Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

71. The OPPA requires that the Defendant pay Plaintiff and the Rule 23 Class Members' all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

72. During relevant times, Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

73. Plaintiff and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

74. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT FOUR
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

75. All of the preceding paragraphs are realleged as if fully rewritten herein.

76. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

77. During times material to this complaint, Defendant was a covered employer, and required to comply with the Ohio Wage Act's mandates.

78. Plaintiff and the Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

79. During times material to this complaint, Defendant violated the Ohio Wage Act with respect to Plaintiff and the Rule 23 Class Members by failing to properly maintain accurate records of all hours Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

80. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests judgment against Defendant and for an Order:

A.        Certifying the proposed FLSA collective action;

B.        Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.        Certifying the proposed Rule 23 Class under Ohio law;

D.        Finding that Defendant has failed to keep accurate records in accordance with the FLSA and Ohio law, Plaintiff, the 216(b) Class Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E.        Awarding to Plaintiff and the 216(b) Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F.        Awarding to Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law, including but not limited to the OPPA;

G.        Awarding Plaintiff, the FLSA Class Members and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H.        Awarding Plaintiff, the FLSA Class Members and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I.        Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of Ohio Law;

J.  Granting the Named Plaintiff leave to amend and to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K.  Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

**BRYANT LEGAL, LLC**

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: (614) 704-0546
Fax: (614) 573-9826
Email: dbryant@bryantlegalllc.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Plaintiff hereby demands a jury trial of twelve (12) persons to hear all issues so triable.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman